IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>TODAY'S FITNESS PRODUCTS, INC., a Utah corporation, and EDWIN L. DILBECK, an individual,<br><br>     Defendants. | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br><br><br>Case No. 1:07-CV-00080 PGC |

    Plaintiff Hark'n Technologies, Inc. moves for a temporary restraining order and preliminary injunction, asking this court to enjoin defendants Today's Fitness Products, Inc. and Edwin L. Dilbeck (collectively Today's Fitness) from infringing the trade dress of and the patent covering its safety-sleeved-elastic fitness products.

    To obtain a preliminary injunction, Hark'n must show: (1) a substantial likelihood of success on the merits of its claims; (2) it will suffer irreparable injury unless the court issues the injunction; (3) the threatened injury to Hark'n outweighs the damage the proposed injunction would cause Total Fitness; and (4) the issued injunction will not be adverse to the public

interest.[1]  In the Tenth Circuit, courts apply a heightened standard to disfavored injunctions – preliminary injunctions that alter the status quo, mandatory preliminary injunctions, and preliminary injunctions that give the movant all relief it could obtain after a trial on the merits.[2] Today's Fitness, while recognizing this heightened standard, does not contend that the court should apply it here.  Regardless, the court concludes that even applying the heightened standard, Hark'n has established all of the criteria for a preliminary injunction.

First, Hark'n has established a likelihood of success on its trade dress infringement claim. To succeed on its unregistered trade dress infringement claim, Hark'n must show that: (1) the product design has acquired secondary meaning in the market place; (2) consumers will likely be confused as to source, sponsorship, connection, or approval because of similar shape or design; and (3) that the design or shape is not functional.[3]

Today's Fitness does not dispute that the Hark'n product has acquired secondary meaning.  And in its verified complaint, Hark'n states that its safety-sleeved-elastic fitness products have had exceptional consumer responses and sales, and consumers have come to recognize its trade dress as the source of the products.  Additionally, the evidence shows that consumers will likely be confused.  Today's Fitness' sleeved-elastic products are virtually identical to the trade dress of the Hark'n product.  And prior to establishing Today's Fitness, Mr. Dilbeck was vice-president of Hark'n, and was familiar with Hark'n's safety-sleeved-elastic

---

[1] *See, e.g., Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[2] *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc).

[3] *See Wal-mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210, 212 (2000).

fitness products.  Moreover, Total Fitness has targeted Hark'n customers and Mr. Dilbeck has attended the same trade shows as Hark'n.  Given the striking similarity of the products, Mr. Dilbeck's familiarity, and the marketing to Hark'n customers, the court concludes that Hark'n can likely show consumer confusion.

Today's Fitness, however, contends that the sleeve and webbing colors are functional and therefore secondary meaning and likely confusion are irrelevant.  Specifically, Today's Fitness contends that the black sleeve hides dirt and the webbing colors show resistance level.  For the first time at oral argument, Today's Fitness also contended that the crinkled sleeve is functional in that it precludes the inner elastic band from breaking.

In general, however, "a product feature is functional, and cannot serve as protected trade dress, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article."[4]  The court is persuaded the black sleeve is not functional.  First, it is not essential to the use or purpose of the product, will have a marginal effect of showing dirt, and there is no indication that it affects the cost.  Additionally, the trade dress here is a composite of the several features.  Thus, at issue is whether as combined, the features are functional.[5]  Today's Fitness does not contend that the combination of colors and crinkled sleeve that comprise the product design are functional.  And the court is satisfied that these combined features are not functional but serve to identify the Hark'n product.

---

[4]*Trafix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32 (2001) (quotations and citations omitted).

[5]*See Hartford House, Ltd. v. Hallmark Cards, Inc.*, 846 F.2d 1268, 1272 (10th Cir. 1088); 1 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* §§ 7:70 & 7:76 (4th ed. 1992 & Supp. 2007).

The court is also persuaded that Hark'n has demonstrated a substantial risk of irreparable harm and that the harms that would ensue injuring Hark'n if Today's Fitness is not enjoined would far exceed any injury that Today's Fitness would suffer if the requested injunctive relief is granted.  If Today's Fitness is able to sell its products at a substantially reduced price, Hark'n will not only lose sales and customers but likely will not be able to restore its original pre-infringement price structure and marketplace position if it succeeds at trial.  While Hark'n could be later compensated with monetary damages, it will be extremely difficult to calculate such damages.  On the other hand, Today's Fitness is a new business and can easily market products in compliance with a narrowly drawn injunction.

Finally, the court is also persuaded that the injunction is not adverse to the public interest.  Rather, the injunction serves the public interest.  Without the injunction, a consumer may think he or she is buying/using a particular resistance level but he or she may actually be buying/using another level.

Accordingly, the court HEREBY ORDERS that Hark'n's motion for preliminary injunction is GRANTED (#10, 13).  The court FURTHER ORDERS that Edwin L. Dilbeck and Today's Fitness Products, Inc., and any of their officers, directors, employees, agents, distributors, manufacturers, importers, or other representatives (the Enjoined Parties) are HEREBY immediately enjoined, pending final adjudication of this matter, from selling, offering for sale, manufacturing, importing, or distributing the infringing sleeved-elastic fitness product, any other infringing sleeved-elastic product, and/or any confusingly similar sleeved-elastic product made by or for or distributed by Edwin L. Dilbeck and/or Today's Fitness Products, Inc.,

including in particular any sleeved-elastic product with a black sleeve. *See* Attachment 1. This preliminary injunction shall not preclude the Enjoined Parties from using any color significantly different from black on a sleeve with webbing that does not track or does not create confusion with webbing used by Hark'n Technologies, Inc. For purposes of this order, use of less than fifty-percent of Hark'n webbing colors with a non-black sleeve does not create confusion.

    SO ORDERED.

    DATED this 6th day of September, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge